**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOSE DEJESUS,<br>*Plaintiff*, | : | Civil Action: 23-54 |
| v. | : | |
| RAFAEL RAMIREZ, JOSHUA ARMISTEAD, CHRISTOPHER J. FENNESSY, DAVID ZANNELLI, RENEE DOMINGUEZ, WALMART INC., WALMART STORES EAST, LIMITED PARTNERSHIP, AND CITY OF NEW HAVEN.<br>*Defendants*. | : | Jury Trial Demanded<br><br>January 13, 2023 |

**COMPLAINT**

1. On March 2, 2021, Defendant Rafael Ramirez was an on duty New Haven police officer working extra duty at a Walmart Store in New Haven, Connecticut. While in this capacity, Defendant Ramirez became enraged while apprehending an alleged shoplifter and proceeded to punch that individual in the face. Minutes later, the Plaintiff, Jose DeJesus, entered the store without a face mask although he was visibly carrying a mask in each hand. At that time a Walmart employee instructed Defendant Ramirez to "take him out . . . get him out." The Plaintiff, who was there to pick up his girlfriend, a Walmart employee, was never asked to put on his mask. Instead, the Plaintiff was confronted by Defendant Ramirez, who grabbed him and then punched him in the face, fracturing his jaw in several places and knocking him to the floor unconscious. Because of the injuries that he sustained, Mr. DeJesus brings this action to hold accountable Defendants Ramirez, the City of New Haven, Walmart, and the New Haven police officers who failed to report and take the appropriate action.

**A. Parties**

2. Jose DeJesus is a domiciliary of the City of New Haven.

3. During all times mentioned in this action, defendants Rafael Ramirez, Joshua Armistead, Chirstopher J. Fennessy, David Zannelli, and Renee Dominguez were duly appointed officers of the New Haven Police Department in New Haven, Connecticut and were acting in their official capacity as law enforcement officers. They are all sued in their individual capacities for damages.

4. The City of New Haven is a municipal corporation in the State of Connecticut.

5. Walmart Inc., formerly known as Wal-Mart Stores, Inc., is a multinational retail corporation incorporated in the State of Delaware. Walmart Inc., through its employees and agents, operates a store at 315 Foxon Blvd., New Haven, CT 06513, where the incident at issue in this action took place. At the time of the incident, Defendants Ramirez, in addition or in the alternative to acting under color of law, was acting as agent of Walmart Inc. Walmart Stores East, Limited Partnership, is an agent of Walmart, Inc., and upon information and belief, owns the premises where the incident occurred. They are collectively referred to as "Walmart" throughout this Complaint.

**B. Jurisdiction**

5. Because this action is brought pursuant to 42 U.S.C. § 1983, jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 & 1343.

6. Venue is proper in this Court by virtue of 28 U.S.C. § 1391 because the events giving rise to the claims occurred in the District of Connecticut.

**C. Factual Allegations**

7. New Haven's system of police accountability is so broken that it enables bad officers to escalate situations and recklessly risk physical harm, safety, and lives, without any risk of discipline from the department or the city.

8. Defendants Fennessy and Zannelli, as sergeants responsible for the internal affairs of the New Haven Police Department at relevant times, were known to investigate incidents in which it was clear that officers' actions are justified, and to ignore incidents in which officers' actions are unjustified or circumstances are less clear.

9. Defendant Renee Dominguez, as Chief of Police of the City of New Haven, was policymaker for the City of New Haven, and directed, ratified, and endorsed this practice of unaccountability.

10. As a result, on March 2, 2021, no one was willing to stand up to Defendant Ramirez.

11. On March 2, 2021, Defendants Ramirez and Armistead were working security at Walmart on Foxon Blvd.

12. When Defendant Ramirez recklessly escalated an encounter with Mark Periera, a resident of New Haven at the Walmart on that day, punching him and seriously injuring him without justification, none of the other defendants present did anything to stop him or to tell him that was wrong.

13. None of the defendants present at Walmart even saw fit to report the incident, as a result of the custom created by Defendants Dominugez, Fennessy, and Zannelli, which was the custom, policy, and practice of Defendant City of New Haven.

14. Defendant Ramirez was in a rage, recklessly escalating situations and endangering the people around him. But because of the custom, policy, and practice of the City of New Haven, nothing was done to stop him from harming more people.

15. Plaintiff Jose DeJesus was picking up his girlfriend from the Walmart on March 2, 2021.

16. Plaintiff and Defendant Ramirez were not strangers to each other. They had interacted before and Defendant Ramirez had no reason to believe that Plaintiff was a threat to him or anyone else that day.

17. Employees or agents of Defendant Walmart brought the fact that Plaintiff was not wearing a mask to the attention of Defendant Ramirez.

18. Defendant Ramirez confronted Plaintiff, began yelling at him to wear a mask and to leave the store. Shortly thereafter, Defendant Ramirez grabbed Plaintiff's arm, and Plaintiff pulled his arm away. Defendant Ramirez then punched Plaintiff in the face, without warning, provocation, or reasonable cause to use significant force.

19. As a result of Defendant Ramirez's negligent, reckless, or intentional acts, Plaintiff was caused the following injuries, which may continue, worsen, or be permanent, as well as other injuries that may be later discovered:

a) Closed fracture of facial bones, including comminuted fracture of the left mandibular ramus;

b) Mandibular angle fractures with involvement of the inferior alveolar canal, as well as approximately 2mm of distraction of the dominant fracture fragments;

c) Bruising, swelling and edema of face, including overlying intramuscular hematoma of the left masseter, superficial facial and subcutaneous fat stranding/edema;

d) Difficulty breathing;

e) Facial numbness and loss of sensation;

f) Distracted fracture of the left lateral pterygoid plate; and

g) Pain, suffering, emotional and physical anguish and distress.

**First Claim: Unconstitutional Excessive Force by Mr. Ramirez, pursuant to 42 U.S.C. § 1983**

20. The allegations above are incorporated as if included fully here. The conduct of Mr. Ramirez described above violated the plaintiff's clearly established right to be free from excessive force protected by the United States Constitution. Mr. Ramirez is therefore liable to the plaintiff for the unlawful injuries she suffered as a result.

**Second Claim: Assault and Battery by Mr. Ramirez, pursuant to State Law**

1-19. The allegations of paragraphs 1-19 above are incorporated as if included fully here.

20. The conduct of Mr. Ramirez described above constituted assault and battery under Connecticut State Law. Mr. Ramirez is therefore liable to the plaintiff for the unlawful injuries he suffered as a result.

**Third Claim: Recklessness by Mr. Ramirez, pursuant to State Law**

1-19. The allegations of paragraph 1-19 above are incorporated as if included fully here.

20. Mr. Ramirez acted in a deliberate and reckless manner and with knowledge that his actions would involve serious danger to others when he punched Mr. DeJesus.

21. In viciously attacking Mr. DeJesus, Mr. Ramirez willfully, deliberately, or with reckless disregard for Mr. DeJesus's rights.

22. Mr. Ramirez is therefore liable to the plaintiff for the unlawful injuries suffered as a result of his highly unreasonable conduct.

**Fourth Claim: Negligence by Mr. Ramirez, pursuant to State Law**

1-19. The allegations of paragraph 1-19 above are incorporated as if included fully here.

26. As a member of the public who he was sworn to protect, Mr. Ramirez owed Plaintiff a duty of care.

28. Mr. Ramirez breached his duty of care to Plaintiff when he punched Plaintiff in the face in the manner he did.

29. State law discretionary act immunity will not apply in this case because Mr. Ramirez's negligence arose from malice, recklessness, Mr. DeJesus was an identifiable victim of apparent harm, and because Mr. Ramirez violated ministerial duties to the Plaintiff.

**Fifth Claim: Municipal Liability against City of New Haven, pursuant to State Law (§ 52-557n)**

1-29. The allegations of the Fourth Claim above are incorporated as if included fully here.

30. At all times relevant to this action, Mr. Ramirez was an employee, agent, apparent agent, or servant of the defendant City of New Haven, acting in the performance of his duties and within the scope of his employment, with all the duties, responsibilities, and privileges accorded thereto.

31. The negligent acts of Mr. Ramirez violated duties to the plaintiff, and discretionary act immunity will not apply for the reasons stated above.

32. As a proximate and foreseeable result of the negligence, the plaintiff suffered unlawful injuries described above.

33. The defendant, City of New Haven, is liable for damages to plaintiff pursuant to Connecticut General Statutes § 52-557n(a)(1)(A) for the negligent acts, within the scope of Mr. Ramirez's employment and official duties.

**Sixth Claim: Municipal Liability against City of New Haven, Defendants Fennessy, Zannelli, and Dominguez, pursuant to Monnell doctrine and 42 U.S.C. § 1983**

1-19. The allegations of paragraphs 1-19 above are incorporated as if included fully here.

20. The injuries inflicted on the Plaintiff were inflicted, at least in part, because of the City of New Haven's policy or custom that enables use of excessive force through a systematic failure to hold officers accountable, including through deliberate indifference toward the use of excessive force in violation of constitutional rights in the internal affairs, discipline, and training of officers.

21. This policy and custom was put in place at relevant times by Defendants Fennessy, Zannelli, and Dominguez, whose deliberate indifference toward and participation in exculpation of officers for use of excessive force was well known and shown through the practices of internal affairs and resulting discipline.

22. Defendants City of New Haven, Fennessy, Zannelli, and Dominguez are therefore liable to the plaintiff for the unlawful injuries he suffered as a result of this custom or policy.

**Seventh Claim: Failure to Intervene pursuant to 42 U.S.C. § 1983 against Defendant Armistead**

1-19. The allegations of paragraphs 1-19 above are incorporated fully as if stated herein.

20. Defendant Armistead had a duty to intervene to prevent the unconstitutional conduct and injury inflicted on Plaintiff. He was present at the Walmart, had witnessed Defendant Ramirez's prior encounter, witnessed Defendant Ramirez's conduct and state of mind, and was on the scene for Defendant Ramirez's confrontation of the Plaintiff, but

deliberately, recklessly, or negligently failed to intervene, proximately causing the Plaintiff's injuries and violating the Plaintiff's clearly established constitutional rights.

**Eighth Claim: Negligence against Walmart Inc. and Walmart Stores East, Limited Partnership**

1-19. The allegations of paragraphs 1-19 above are incorporated fully as if stated herein.

20. Defendant Ramirez was specifically instructed by agents, servants, and/or employees of Walmart to confront the plaintiff.

21. Defendant Ramirez was not properly instructed and trained in Walmart's rules and policies.

22. Employees or agents of Walmart were negligent in instructing Defendant Ramirez "to take him out…get him out," the Walmart employee/agent fostered and encouraged a hostile environment unnecessarily endangering personal safety, in direct contradiction to Walmart's policy and procedures.

23. Employees or agents of Walmart were negligent in how they instructed Defendant Ramirez to confront the Plaintiff, escalating the situation, heightening tensions, and proximately causing the engagement that ensued.

24. Employees or agents of Walmart should have known about Defendant Ramirez's tendency to escalate situations and engage in excessive force toward customers, both because of the incident that had occurred earlier that day with another customer and because of his reputation and his conduct on that day.

25. Employees or agents of Walmart were negligent in failing to intervene to deescalate the situation or prevent it from resulting in the Plaintiff's unlawful injuries.

26. Employees or agents of Walmart were negligent in hiring the police to provide security without providing clear delineations of their duties, responsibilities, and obligations, or a clear chain of command within the store for when Walmart Inc. was using police officers as agents or employees.

27. Employees or agents of Walmart were negligent in their security policies, practices, and training, in failing to properly train employees or agents of Walmart to properly handle situations such as the foregoing.

28. To the extent that Walmart agents, servants, and/or employees perceived a danger from the Plaintiff not wearing a mask, they failed to instruct the Plaintiff or to instruct Ramirez to instruct the Plaintiff to put on one of the masks that were in the Plaintiff's hands.

28. Because employees or agents of Walmart were negligent, proximately causing injuries to the Plaintiff, Walmart Inc. is liable to the Plaintiff for the injuries he suffered, in damages.

**D. Prayer for Relief**

WHEREFORE, the plaintiff respectfully requests the following relief:

A. Compensatory damages from each defendant;

B. Punitive damages from each defendant except Walmart Inc. and Walmart Stores East Limited Partnership;

C. Attorney's fees pursuant to 42 U.S.C. § 1988 or other law;

D. Costs; and

E. Such other and further relief as the Court may deem proper.

Respectfully Submitted,

THE PLAINTIFF

By_____/s/_______________
Alexander T. Taubes ct30100
470 James Street, Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com

Barry N. Silver, ct03499
Attorney & Counsellor at Law
59 Elm Street, Suite 105
New Haven, CT 06510
ALANSILVERPC@YAHOO.COM