UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE DEJESUS,
    Plaintiff,

v.

RAFAEL RAMIREZ, *et al.*,
    Defendants.

No. 3:23-cv-54 (SRU)

### ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

Jose DeJesus ("DeJesus") filed a motion to amend his complaint on June 24, 2024. Doc. No. 48. Defendant Joshua Armistead ("Armistead") objects to DeJesus's motion to amend. Doc. No. 54. Because DeJesus's motion to amend his complaint seeks to raise a claim barred by the statute of limitations and does not relate back to his original complaint, DeJesus's motion is **denied**.

**I.  Background**

DeJesus filed his initial complaint against Defendants Rafael Ramirez ("Ramirez"), Joshua Armistead, Christopher J. Fennessy, David Zannelli, Renee Dominguez, Walmart Inc., Walmart Stores East, Limited Partnership, and the City of New Haven (collectively, "Defendants") on January 13, 2023. Doc. No. 1 at 1-2. DeJesus brought eight claims against Defendants: (1) excessive force by Mr. Ramirez, pursuant to 42 U.S.C. § 1983; (2) assault and battery by Mr. Ramirez, pursuant to state law; (3) recklessness by Mr. Ramirez, pursuant to state law; (4) negligence by Mr. Ramirez, pursuant to state law; (5) municipal liability against the City of New Haven, pursuant to Conn. Gen. Stat. § 52-557n; (6) municipal liability against the City of New Haven, Fennessy, Zannelli, and Dominguez, pursuant to *Monnell* doctrine and 42 U.S.C. §

1983; (7) failure to intervene pursuant to 42 U.S.C. § 1983 against Armistead; and (8) negligence against Walmart Inc. and Walmart Stores East, Limited Partnership. *Id.* at 5-9.

DeJesus's complaint arises out of a March 2, 2021 incident at the Walmart located on Foxon Boulevard ("Walmart") during which DeJesus alleges Ramirez grabbed him and "punched him in the face, fracturing his jaw in several places and knocking him to the floor unconscious." Doc. No. 1 at 1-4.

DeJesus seeks only to amend one claim in his complaint and the factual allegations supporting it. *See* Redlined Complaint ("Exhibit 2"), Doc. No. 48-2 at 3, 7-10. He seeks to amend count seven, which originally brought a failure to intervene claim pursuant to 42 U.S.C. § 1983 against Armistead. Doc. No. 1 at 7-8. DeJesus requests to amend his complaint so that his seventh claim now alleges supervisory liability and ratification pursuant to 42 U.S.C. § 1983 against Armistead. Exhibit 2, Doc. No. 48-2 at 7-10. In so doing, DeJesus alleges new factual circumstances supporting his claim against Armistead. *Id.* Specifically, he no longer alleges Armistead, nor any other defendant besides Ramirez, was present at Walmart or witnessed the March 2, 2021 incident. *Id.* at 3, 7-10. Instead, DeJesus now alleges Armistead is liable based on "review[ing] and approv[ing] . . . Ramirez's report detailing his use of force against [DeJesus]." *Id.* at 8.

## II.     Procedural History

DeJesus filed his initial complaint on January 13, 2023. Doc. No. 1. Armistead filed an answer to DeJesus's complaint on March 31, 2023. *See* Doc. No. 24.

On June 24, 2024, DeJesus filed a motion to amend or correct his complaint. *See generally* Doc. No. 48. Armistead filed an objection to DeJesus's motion to amend on July 25, 2024. Doc. No. 54.

### III. Standard of Review

Leave to amend a pleading should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.").

A court may deny a party leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182. *See also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.").

### IV. Discussion

DeJesus argues "[a]mendment should be allowed because [DeJesus] has been diligent and [Armistead] will not suffer prejudice." Doc. No. 48 at 2. Further, DeJesus asserts the amendment is not futile "because it relates back to the date of the original pleading under Federal Rule 15(c)(1)(B)." *Id.* Specifically, he argues "[t]he amended claim arises out of the same conduct, transaction, or occurrence" alleged in the original complaint and the allegations all relate to the "same underlying incident and [Armistead's] response to it." *Id.* DeJesus asserts Armistead will not be prejudiced by the amendment because the original complaint put him on notice that "his conduct relating to the supervision and discipline of Ramirez was at issue." *Id.* at 2-3. Finally, DeJesus argues he has diligently sought amendment. *Id.*

Armistead objects to the motion to amend, arguing the amendment is both untimely and does not relate back to the allegations against him in the original complaint. Doc. No. 54 at 1, 6. He asserts that "[b]oth the factual foundation of the cause of action and the theory of liability itself have completely changed" in the proposed amended complaint. *Id.* at 6. Additionally, Armistead alleges discovery responses provided to DeJesus on January 22, 2024 and DeJesus's deposition of Armistead on March 22, 2024 "conclusively demonstrated" Armistead was not present at Walmart during the incident. *Id*. Armistead argues DeJesus's amendment is untimely because he "had months to amend his [c]omplaint" to reflect the discovered information. *Id.* Armistead also concludes that DeJesus's amended count seven is barred by the statute of limitations because the new allegations do not relate back. *Id.* at 1.

For the reasons set forth below, I hold that the claim DeJesus seeks to add to his complaint was first brought outside the statute of limitations and does not relate back to his original complaint. I therefore deny his motion to amend his complaint.

A. <u>Whether the Proposed Claim is Untimely</u>

DeJesus's Section 1983 claim against Armistead in both his original and amended complaint accrued on March 2, 2021. *See generally* Doc. No. 1 at 3, 7-8 (alleging Armistead was present during the March 2, 2021 Walmart incident and failed to intervene); Exhibit 2, Doc. No. 48-2 at 7-8 (alleging Armistead's supervisory liability stemmed from reviewing and approving Ramirez's use of force report on March 2, 2021). In the Second Circuit, "courts apply the statute of limitations for personal injury actions under state law" because "Section 1983 does not provide a specific statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Owens v. Okure*, 488 U.S. 235, 249-51 (1989)). In Connecticut, a Section 1983

4

plaintiff must bring their claim "within three years of the date his claim accrues." *Barile v. City of Hartford*, 264 F. App'x 91 (2d Cir. 2008) (citing Conn. Gen. Stat. § 52-577).

The statute of limitations on DeJesus's Section 1983 claim against Armistead expired on March 2, 2024, three years after the Walmart incident out of which his original and amended complaints arise. DeJesus filed his motion to amend on June 24, 2024, outside the three-year statute of limitations. Doc. No. 48. Unless DeJesus's amended claim against Armistead relates back to his original claim against Armistead, the motion to amend his complaint is untimely. *See Mercier v. Greenwich Acad., Inc.*, 2013 WL 3874511, at *6 (D. Conn. July 25, 2013).

B. <u>Whether the Proposed Claim Relates Back</u>

A claim filed outside the applicable statute of limitations is "timely" if it "'relates back' to the date of a timely filed original pleading." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010) (citing Fed. R. Civ. P. 15(c)). An amended pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back; (B) **the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading**; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted . . . .

Fed. R. Civ. P. 15(c)(1) (emphasis added). "Relation back" balances "the interests of the defendant protected by the statute of limitations with . . . resolving disputes on their merits." *Krupski*, 560 U.S. at 550.

For a claim to relate back, "the basic claim must have arisen out of the conduct set forth in the original pleading." *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006), *as amended* (Oct. 3, 2006) (cleaned up). "[T]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of

5

limitations by the general fact situation alleged in the original pleading." *Stevelman v. Alias Rsch. Inc.*, 174 F.3d 79, 86 (2d Cir. 1999) (cleaned up).  "Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs." *Slayton*, 460 F.3d 228.

In seeking to amend his complaint, DeJesus still asserts a claim against Armistead pursuant to Section 1983 arising from the March 2, 2021 Walmart incident.  Exhibit 2, Doc. No. 48-2 at 7.  However, DeJesus drastically alters both his legal and factual claims in his amended complaint and asserts an alternative theory of liability.

DeJesus's original complaint asserted that "Armistead had a duty to intervene to prevent the unconstitutional conduct and injury inflicted on [DeJesus]."  Doc. No. 1 at 7.  He alleged that Armistead was present at Walmart on March 2, 2021, witnessed all of Ramirez's conduct, and "deliberately, recklessly, or negligently failed to intervene."  *Id.* at 7-8 (alleging Armistead's failure to intervene proximately caused DeJesus's injuries and violated DeJesus's constitutional rights).

In contrast, DeJesus's amended count seven alleges Armistead's post-incident review and approval of Ramirez's use of force report violated DeJesus's Eighth Amendment rights and proximately caused DeJesus's injuries.  Exhibit 2, Doc. No. 48-2 at 7-10.  He alleges Armistead: failed to raise any concerns with Ramirez's use of force; "took no steps to investigate or address Ramirez's failure to properly de-escalate[;]" did not view available video footage of the incident; "signaled" to the department that using excessive force is tolerable; ignored "clear warning signs and evidence of an unjustified use of force[;]" and endorsed Ramirez's failure to de-escalate.  *Id.* at 8-10.  DeJesus claims Armistead is liable as Ramirez's supervisor for ratifying his actions by "rubberstamping Ramirez's use of force" and being "deliberately indifferent to the violation of

6

[DeJesus's] rights." *Id.* at 8-9.  His amended complaint asserts Armistead furthered a "pattern of unchecked abuse" by "blindly approving" Ramirez's use of force.  *Id.* at 9.  Those factual and legal allegations did not appear in DeJesus's original complaint and are entirely different than a single instance of failing to intervene at Walmart on March 2, 2021.  DeJesus's amended complaint "allege[s] a new claim" rather than "render[ing] prior allegations more definite and precise."  *Slayton*, 460 F.3d at 228 (cleaned up).

"The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading."  *Mercier*, 2013 WL 3874511, at *6 (internal citation omitted).  That is not the case in DeJesus's amended complaint.  DeJesus's amended count seven is based on "an entirely distinct set of factual allegations" that would not put Armistead on notice of the allegations against him.  *Slayton*, 460 F.3d at 228 (cleaned up).  Because the "general fact situation" and claims relating to Armistead as alleged in [DeJesus's] original pleading are completely different in DeJesus's amended complaint, Armistead was not provided adequate notice of the new claim by the original complaint.  *Stevelman*, 174 F.3d at 86 (2d Cir. 1999) (cleaned up).

DeJesus's amended complaint does not relate back to his original complaint and the statute of limitation for his claim against Armistead has expired. Therefore, his amendment is untimely.

V. **Conclusion**

For the foregoing reasons, DeJesus's motion to amend his complaint is **denied**. Doc. No. 48.

It is so ordered.

Dated at Bridgeport, Connecticut, this 19th day of March 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge