**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ****************************************** | : | |
| **JOSE DEJESUS** | : | |
| | : | **CIVIL ACTION NO. 3:23-cv-00054-SRU** |
| **V.** | : | |
| | : | |
| **RAFAEL RAMIREZ, JOSHUA ARMISTEAD, CHRISTOPHER J. FENNESSY, DAVID ZANELLI, RENEE DOMINGUEZ, WALMART INC., WALMART STORES EAST, LIMITED PARTNERSHIP, AND CITY OF NEW HAVEN** | : | **NOVEMBER 30, 2025** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, WALMART INC. AND WAL-MART STORES EAST, LIMITED PARTNERSHIP'S, MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendants, Walmart Inc. and Wal-Mart Stores East, Limited Partnership (the "Defendants" or "Walmart"), submit this memorandum of law in support of their Motion for Summary Judgment as to Count Eight of the Complaint filed by the plaintiff, Jose Dejesus ("Plaintiff"), and dated January 13, 2023 [Document 1] (the "Complaint"). Count Eight of the Complaint alleged negligence against Walmart. Specifically, the Plaintiff alleges that he sustained injuries when New Haven Police Officer, Rafael Ramirez ("Officer Ramirez"), struck the Plaintiff. [Complaint, Count Eight, ¶¶ 3, 18, 19. As set forth more fully below, summary judgment should enter as there is no evidence that: (1) Walmart was the proximate cause of the Plaintiff's injuries, (2) that Walmart failed to exercise reasonable care, or (3) evidence that Officer Ramirez was an agent of Walmart[1].

[1] The parties attended a settlement conference on October 14, 2025. Walmart understands that the Plaintiff agreed to settle his claims against Officer Ramirez and the City of New Haven. To the extent that the Plaintiff claims that Officer



**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS[2]

The plaintiff, Jose DeJesus ("Plaintiff"), alleges that on March 2, 2021, he was struck by New Haven Police Officer Rafael Ramirez ("Officer Ramirez"), who was working extra duty at a Walmart store located in New Haven, Connecticut (the "New Haven Walmart"). [Complaint, ¶ 1.] The Eighth Claim of the Complaint alleges negligence against Walmart. More specifically, Plaintiff alleges, that: (1) Walmart's employees/agents were negligent in how they allegedly instructed Officer Ramirez to confront the Plaintiff and in failing to intervene to escalate the situation or prevent it from happening. [Complaint, Eight Claim, ¶¶ 22-23, 25]; (2) Walmart was negligent in hiring the police to provide security without providing clear delineations of their duties or chain of command within the store when using police officers as agents or employees [Id. ¶ 26.]; (3) Walmart was negligent in their security policies, practices, and training, in failing to properly train employees/agents of Walmart to properly handle situations such as the Plaintiff's [Id. ¶ 27]; and (4) Walmart's employees/agents failed to instruct Officer Ramirez to instruct the Plaintiff to put on a face mask [Id. ¶ 28.] Plaintiff also alleges that "At the time of the incident, Defendant Ramirez, in addition or in the alternative to acting under color of law, was acting as an agent of Walmart Inc." [Id. ¶ 19.]

For more than 15 years, the City of New Haven has been providing Walmart with New Haven Police Officers to assist with security and loss prevention. [City of New Haven's Responses to

Ramirez was acting as an agent of Walmart, the release of Officer Ramirez and the City of New Haven was also a release of Walmart. Alvarez v. New Haven Register, Inc., 249 Conn. 709, 716 (1999).

[2] Defendants refers to the Court to the Local 56(a)(1) Statement of Undisputed Material Facts (the Local 56(a)(1) Statement").

Walmart's First Set of Interrogatories and Requests for Production dated September 25, 2023, at Interrogatory 1[3].] On March 2, 2021, Rafael Ramirez ("Officer Ramirez") was employed as a New Haven Police Officer. [Officer Ramirez Responses to Walmart's Requests for Admissions dated March 27, 2024 ("Ramirez RFA") at Request 1[4].] The City of New Haven paid Officer Ramirez for his services at the New Haven Walmart on the date of the plaintiff's incident. [Ramirez RFA, Request 2.] At the time of the plaintiff's incident, Officer Ramirez was working "extra duty" at the New Haven Walmart in his capacity as an "on-duty" New Haven Police Officer. [Deposition of Officer Ramirez dated May 3, 2024 ("Ramirez Dep."), at 65:16-19[5]; Ramirez Answer (Document 22) at ¶ 1, 3.] Working "extra duty" means that an officer is working at a private place of business or construction site in his or her capacity as a law enforcement officer to enforce laws. [See Ramirez Dep., 15:19.]

While working extra duty, a business can request an officer to perform certain tasks as long as the tasks fall under the officer's police duties. [See Ramirez Dep., 15:23-16:1.] Businesses, however, cannot control the manner in which officers exercise their duties. [See Ramirez Dep., 16:2-4.] Officers working extra duty remain under the command of the New Haven Police Department.

---

[3] Cited Excerpts from the City of New Haven's Responses to Walmart's First Set of Interrogatories and Requests for Production dated September 25, 2023 are attached as **Exhibit A** to the Local 56(a)(1) Statement.

[4] Officer Ramirez Responses to Walmart's Requests for Admissions dated March 27, 2024 are attached as **Exhibit B** to the Local 56(a)(1) Statement..

[5] Cited Excerpts from the deposition of Officer Ramirez dated May 3, 2024 are attached as **Exhibit C** to the Local 56(a)(1) Statement.

[Deposition of Sargeant Ronald Ferrante ("Sgt. Ferrante") dated June 6, 2025 ("Ferrante Dep")[6], at 16:19-17:11.]

New Haven Department of Police Service General Orders, General Order 11.01, Extra Duty Work (the "Order"), applied to Officer Ramirez while he was present at the New Haven Walmart. [Ramirez RFA, Request 3; The City's Discovery Responses, at Request 3.] Pursuant to the Order, contracting organizations, such as Walmart, have no command authority over police personnel working extra-duty detail at the business. [See Order at § 11.01.04(7).] To the contrary, the Patrol Shift Commander or Patrol Supervisor assumes supervisory responsibility for extra-duty events not staffed with a supervisor. [Order at § 11.01.04(12).] Pursuant to the Order, officers working extra duty are to notify the dispatcher of his/her location, breaks, and upon termination of the assignment. [Order at § 11.01.04(11).] Pursuant to the Order, police personnel working extra-duty must follow all Department policies, rules, regulations, procedures, and standards and take law enforcement action regarding any offense or condition, and are required to complete incident and other department reports, as required, on actions taken by them during the extra-duty detail. [Order at §§ 11.01.04(6), 11.01.04(8).]

At the time of Plaintiff's incident, Sgt. Ronald Ferrante was responsible for supervising Officer Ramirez and had command authority (which is synonymous with supervision) over Officer Ramirez as his Patrol Supervisor. [See Ramirez RFA, Request 3; Ferrante Dep., 16:19-17:11.] Neither Officer Ramirez nor Sgt. Ferrante were aware of any way in which Walmart directed or controlled

[6] Cited Excerpts from the deposition of Sargeant Ronald Ferrante dated June 6, 2025 are attached as **Exhibit D** to the Local 56(a)(1) Statement.

Officer Ramirez while he was working extra-duty at the New Haven Walmart, apart from advising Officer Ramirez where he should be stationed. [See Ferrante Dep., 19:14-20; Ramirez Dep., 71:5-11.] Walmart could not direct Officer Ramirez to arrest someone or control the manner in which Officer Ramirez made an arrest. [Ferrante Dep., 19:21-20:14.] While a Walmart Associate could request to have a person removed from the store for trespassing or unlawful conduct, the police officer would still need to investigate and conduct his or her own independent investigation to determine if there is probable cause to make an arrest. [See Ferrante Dep., 29:17-31:2.] Once police get involved in an incident, Walmart Associates cannot interfere. [Deposition of Orrin Smith dated January 13, 2025 ("Smith Dep.")[7], at 44:8-15.]

Plaintiff's incident occurred during the COVID-19 Pandemic and when facial coverings were required indoors by Executive Order of Governor Lamont[8]. [Executive Order No. 7BB dated April 17, 2020 by Governor Ned Lamont.] The New Haven store followed the mask mandate. [Smith Dep., 25:20-23.] The Plaintiff's interaction with Officer Ramirez is captured on Officer Ramirez's body camera (the "Bodycam Footage"). [See Charlene Kopec dated November 26, 2025 ("Kopec Declaration")[9], ¶¶ 3-17.] When Plaintiff entered the New Haven Walmart, he was not wearing a face mask. [Complaint, ¶ 1; Smith Dep., 29:6-8; Kopec Declaration ¶ 7.] Asset Protection Associate ("APA"), Orrin Smith ("Mr. Smith") and APA Raymund Barnes ("Mr. Barmes") were in the vestibule

---

[7] Cited Excerpts from the deposition of Orrin Smith dated January 13, 2025 are attached as **Exhibit E** to the Local 56(a)(1) Statement.

[8] The Court may take judicial notice of executive orders. Jeffery v. City of New York, 113 F.4th 176, 183 n.7 (2d Cir. 2024).

[9] The Kopec Declaration is attached as **Exhibit F** to the Local 56(a)(1) Statement.

dispersing a small crowd from an incident involving a shoplifter that had just taken place, when the Plaintiff entered the vestibule yelling profanities." [Smith Dep., at 14:5-19.] The Plaintiff was acting belligerent, trying to cause a scene, and creating a public disturbance. [Smith Dep., 29:20-23; See also. Ramirez Dep., 33:25-34:4, 41:14-20.]

Mr. Barnes told Mr. Smith that the Plaintiff needed to leave the store. [Smith Dep., 14:5-19; See also Kopec Declaration, ¶ 8.] Mr. Smith agreed, and he and Mr. Barnes followed the Plaintiff into the store. [Id.] Officer Ramirez subsequently entered the store, approached the Plaintiff, and asked the Plaintiff to leave the store. [See Ramirez Dep., 36:11-37:1; Smith Dep., 17:15-18; Deposition of the Plaintiff dated November 10, 2023 ("Plaintiff Dep.")[10], at 54:5-8.] The Plaintiff did not comply with Officer Ramirez's instructions. [See Ramirez Dep., 36:11-37:1; Plaintiff Dep., 56:11-18.]

The Bodycam Footage shows Officer Ramirez approach the Plaintiff who continued to walk further into the store before coming to a complete stop and turning in Officer Ramirez's direction. [Kopec Declaration, ¶¶ 11-13.] Plaintiff walks towards Officer Ramirez with both arms extended out from his sides and stands in close proximity to Officer Ramirez. [Kopec Declaration, ¶ 14.] Officer Ramirez steps towards the Plaintiff, states, "I'll explain it to you outside" and places his hand on the Plaintiff's back. [Kopec Declaration, ¶ 15.] Officer Ramirez testified that he placed his hand on the Plaintiff's lower back to lightly guide the Plaintiff toward the door. [See Ramirez Dep., 36:11-37:1.]

[10] Cited Excerpts from the deposition of the Plaintiff dated November 10, 2023 are attached as **Exhibit G** to the Local 56(a)(1) Statement.

The Plaintiff moved away from Officer Ramirez, but then turned and walked back in the direction of Officer Ramirez with both arms extended out from his sides. [Kopec Declaration, ¶ 16.]

Officer Ramirez testified that the Plaintiff got into a "fighting stance" "really close" to Officer Ramirez and Plaintiff said that he was going to "f**k up [Officer Ramirez's] face." [See Ramirez Dep., 37:10-24.] In defense, Officer Ramirez struck the Plaintiff and placed him under arrest. [See Plaintiff Dep., 57:57:18-20, 39:6-9; Ramirez Dep., 37:10-24; See also Kopec Declaration, ¶ 17.]

No one from Walmart instructed Officer Ramirez to use physical force to remove the Plaintiff from the New Haven Walmart or to strike the Plaintiff. [Ramirez Dep., 72:22-73:2.]

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." (Emphasis added). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Bouboulis v. Transp. Workers Union of Am., 442 F.3d 55, 59 (2d Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Because this Court sits with diversity jurisdiction, the substantive law of Connecticut applies. Brown v. Merrow Machine Co, 411 F.Supp. 1162, 1163 (D. Conn. 1976) (citing Erie Railroad v. Tomkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938)).



**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

Summary judgment is appropriate if, after discovery, the nonmoving party “has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.” Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). “The movant may satisfy her burden by presenting affirmative evidence that negates an element of the non-movants claim or by demonstrating an absence of evidence to support the non-moving party's case." (Internal quotation marks omitted.) In re Felgate, Docket No. 3:18-cv-910 (VLB), 2020 U.S. Dist. LEXIS 55320, at *13 (D. Conn. Mar. 30, 2020)(Byrant, J.) (citing Celotex v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). Rule 56(c) "mandates the entry of summary judgment... against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case, and on which that party will bear the burden of proof at trial." (Citation omitted.) Id., at *14.

The court must view all inferences and ambiguities “in a light most favorable to the nonmoving party.” Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). The nonmoving party cannot, however, “rely on conclusory allegations or unsubstantiated speculation’ but ‘must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.” Robinson v. Concentra Health Servs., 781 F.3d 42, 34 (2d Cir. 2015) (citation omitted).

The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture.” Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir.1990) (internal quotations and citations omitted). A party also may not rely on conclusory

statements or unsupported allegations that the evidence in support of the motion for summary judgment is not credible. Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir.1993).

## III. ARGUMENT

### A. THERE IS NO EVIDENCE THAT WALMART WAS THE PROXIMATE CAUSE OF PLAINTIFF'S INJURIES

The essential elements of a cause of action in negligence are well established: duty, breach of that duty, causation, and actual injury." Mills v. The Solution, LLC, 138 Conn. App. 40, 59 (2012). "The law is clear that [a] possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe…. In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." Id. (citation and internal quotation marks omitted). Business owners, however, are not insurers of their customers' safety and cannot be held liable for every harm that may occur to a customer while on their property. DiPietro v. Farmington Sports Arena, LLC, 306 Conn. 107, 121 (2012).

As to the element of causation, "a plaintiff must establish that the defendant's conduct legally caused the injuries, that is, that the conduct both caused the injury in fact and proximately caused the injury. . . .the test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . . The test of proximate cause is whether the defendant's conduct is a substantial factor in producing the plaintiff's injury. The substantial factor test asks . . . whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." (Citation and internal quotation marks omitted.) Archambault v. Soneco/Northeastern, Inc., 287 Conn. 20, 32-33 (2008). "Because actual causation . . . is virtually



**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

limitless, the legal construct of proximate cause serves to establish how far down the causal continuum tortfeasors will be held liable for the consequences of their actions….” (Citation and internal quotation marks omitted) Snell v. Norwalk Yellow Cab, Inc., 332 Conn. 720, 744 (2019). The question of proximate cause becomes a conclusion of law when the mind of a fair and reasonable person could reach only one conclusion. (Citation omitted.) “Although the issue of causation generally is a question reserved for the trier of fact ... the issue becomes one of law when the mind of a fair and reasonable person could reach only one conclusion, and summary judgment may be granted based on a failure to establish causation.” (Citation omitted.) Abrahams v. Young & Rubicam, Inc., 240 Conn. 300, 307 (1997). Which is the case here.

The purported negligence of Walmart was not the proximate cause of Plaintiff’s injury. No one from Walmart directed Officer Ramirez to use physical force to remove the Plaintiff from the store. [Ramirez Dep., 72:22-24.] Moreover, no one from Walmart directed Officer Ramirez to strike the Plaintiff. [Ramirez Dep., 72:25-73:2.] To the contrary, and as detailed further in Section C (*infra*) Walmart did not have control over the manner in which Officer Ramirez exercised his police duties. [See Ferrante Dep., 19:21-20:14.]

### B. THERE IS NO EVIDENCE THAT WALMART FAILED TO EXERCISE REASONABLE CARE

The duty to exercise reasonable care is fundamentally different from an obligation to prevent harm from occurring on a premises. Monk v. Temple George Associates, LLC, 273 Conn. 108, 117-18 (2005). The Plaintiff has failed to produce expert testimony to establish that Walmart had inadequate policies, practices or training to make out a prima facie case because the question



**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

involves industry standards. In any negligence action, expert testimony is required "[i]f the determination of the standard of care requires knowledge that is beyond the experience of a normal fact finder...." Keeney v. Mystic Valley Hunt Club, Inc., 93 Conn. App. 368, 375 (2006). "The requirement of expert testimony ... serves to assist lay people, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard." (Internal quotation marks omitted.) Ahern v. Fuss & O'Neill, Inc., 78 Conn. App. 202, 208–09, cert. denied, 266 Conn. 903 (2003). The Plaintiff's lack of expert testimony defining the standard of care or Walmart's purported breach precludes a finding of negligence.

### C. THERE IS NO EVIDENCE THAT OFFICER RAMIREZ WAS AN AGENT OF WALMART

Officer Ramirez was not an agent of Walmart. "Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." (Citation omitted.) Cavallaro v. McDonald's Corp., Docket No. CV 97346987, 1998 Conn. Super. LEXIS 951, *9 (Conn. Super. Ct., Apr. 6, 1998) (Skolnick, J.). "A principal is generally liable for the authorized acts of his agent." Id. "The three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking. The law is clear that the burden of proving agency is on the party asserting its existence." Id. "Normally agency is a question of fact." Id. However,

"[w]hen the facts are undisputed it may then become a question of law." Russo v. McAviney, 96 Conn. 21, 24, 112 A. 657 (1921).

In this case, the aforesaid elements do not exist. It is undisputed that at the time of the Plaintiff's incident, Officer Ramirez was an on-duty New Haven police officer working extra duty at the New Haven Walmart. [See Ramirez Dep., at 65:16-19; Ramirez Answer (Document 22), at ¶ 1, 3; Ramirez RFA, at Request 1.] Significantly, it is also undisputed that Sgt. Ferrante had command authority over Officer Ramirez while Officer Ramirez was present at Walmart. [See Ramirez RFA, Request 3; Ferrante Dep., 16:19-17:11.] Walmart, however, had no control over the manner in which Officer Ramirez exercised his duties. [See Ferrante Dep., 19:21-20:14.]. At the time of this incident, Officer Ramirez was an agent of the New Haven Police Department, not Walmart. Accordingly, Walmart is not legally responsible for his actions or inactions.

**IV. CONCLUSION**

Based upon the foregoing, the Defendants respectfully requests, that their motion for summary judgment be granted.

THE DEFENDANTS,
WALMART INC. AND
WAL-MART STORES EAST,
LIMITED PARTNERSHIP

By: /s/ Katie A. Roy
Katei A. Roy [ct29988]
Rogin Nassau LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103-3460
Tel: (860) 256-6399
Fax: (860) 278-2179
E-mail: kroy@roginlaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing was served electronically this 30th day of November 2025 and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Alexander T. Taubes
470 James Street, Suite 007
New Haven, CT 06513
alextt@gmail.com

Barry N. Silver
Attorney & Counsellor at Law
59 Elm Street, Suite 105
New Haven, CT 06510
alansilverpc@yahoo.com

Kristan M. Maccini
Maccini Voccio & Jordan, LLC
101 Centerpoint Drive
Suite 232
Middletown, CT 06114
kmaccini@mvjlaw.com

Alan R. Dembiczak, Esq.
Howd & Ludorf, LLC
100 Great Meadow Road, Suite 201
Wethersfield, CT 06109
adembiczak@hl-law.com

Stephen G. Murphy, Jr., Esq.
Milano & Wanat LLC
471 East Main Street
Branford, CT 06405
smurphy@mwllc.us

/s/ ct29988__________________
Katie A. Roy, Esq. [ct29988]